UNITED STATES of America, Plaintiff–Appellee,

v.

Christopher A. BURNS, Defendant–Appellant.

No. 97–1486.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 5, 1997.*

Decided Oct. 17, 1997.

Amanda A. Robertson (submitted on briefs), Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

John R. Clemons, Clemons & Hood, Carbondale, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and BAUER and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Christopher Burns pled guilty to charges that he distributed and possessed with the intent to distribute both powder and crack cocaine. *See* 21 U.S.C. § 841(a)(1). At sentencing, the district court found that Burns' relevant conduct included possession and/or distribution of 59.49 grams of crack cocaine and 538.65 grams of powder cocaine. *See* U.S.S.G. § 1B1.3(a) (Nov.1995). The court also found that Burns had possessed a firearm in connection with his cocaine trafficking. *See* U.S.S.G. § 2D1.1(b)(1). The resulting sentencing range was 108 to 135 months. In view of the firearm enhancement and what it found to be Burns' lack of complete candor in describing his criminal conduct to the government, the court deemed Burns ineligible for relief under the "safety valve" clause of 18 U.S.C. § 3553(f)[1] and the corresponding provision of the Sentencing Guidelines. Sentencing Tr. 110; Addendum to PSR at 4; *see* 18 U.S.C. § 3553(f)(2), (5); U.S.S.G. § 5C1.2(2), (5). Burns appeals, contending that the district court erred in its calculation of the relevant drug quantities and in finding that he possessed a firearm in connection with his narcotics activities. Finding no clear error in either respect, we affirm the sentence that the district court imposed.

■ The drug quantity calculation is a factual finding that we review for clear error. *E.g., United States v. Taylor,* 116 F.3d 269, 273 (7th Cir.1997). The probation officer determined that Burns should be held to account for 59.49 grams of crack cocaine and 538.65 grams of powder cocaine based on Burns' own admissions during a post-arrest interview. *See* PSR ¶¶ 10–12, 16. Chief Judge Gilbert adopted these findings, which

---

1. Section 3553(f) directs the court to impose a sentence within the range specified by the Sentencing Guidelines even if the sentence falls below the statutorily mandated minimum, provided that certain conditions are met. This "safety valve" provision is of doubtful relevance here, as all agree that the applicable statutory minimum is a sentence of five years (see PSR ¶ 53), which is of course well below the bottom of the Guidelines sentencing range.

resulted in an initial base offense level of 32.[2] Burns contends that the court erred in doing so in view of his own efforts to retract his post-arrest admissions. Twelve days after his arrest, Burns and his attorney met with an agent to make a proffer, and at that time Burns gave significantly lower estimates of the cocaine amounts he had handled: one and one-eighth ounces (31.89 grams) of crack cocaine and fourteen and one-eighth ounces (400.44 grams) of powder cocaine. Had those figures been adopted, Burns' base offense level would have dropped to 30. *See* U.S.S.G. § 2D1.1(c)(5). Burns testified at the sentencing hearing that he had been "very scared," "confused," "in another world," "dreaming," and "completely out of [his] senses" when he initially spoke to the authorities following his arrest and that the drug quantity estimates he had given at that time were inaccurate. Sentencing Tr. 71–72, 93. However, Judge Gilbert heard Burns on this point and found his explanation for the revision to be unworthy of credence. Sentencing Tr. 106–08.[3] The district judge is uniquely situated to render this kind of credibility determination, and we owe his judgment great deference on appeal. *E.g., United States v. Hall*, 109 F.3d 1227, 1233 (1997), *cert. denied*, ⸺ U.S. ⸺, 118 S.Ct. 153, ⸺ L.Ed.2d ⸺ (1997); *United States v. Acosta*, 85 F.3d 275, 280 (7th Cir.1996). Burns has given us no reason to believe that Judge Gilbert was obliged to credit his testimony and to disregard his own post-arrest estimates of the drug amounts for which he was responsible. *See generally United States v.*

*Crowder*, 36 F.3d 691, 696 & n. 1 (7th Cir. 1994), *cert. denied*, 513 U.S. 1171, 115 S.Ct. 1146, 130 L.Ed.2d 1105 (1995). We find no clear error in the drug quantity determination.

During the search of Burns' residence that culminated in his arrest, authorities found in his bedroom an unloaded .380 caliber semiautomatic handgun in a dresser drawer. They also discovered two grams of crack cocaine, 237.3 grams of powder cocaine, and 587 grams of marijuana, most or all of that in the same drawer as the gun. Magazines for the gun were found elsewhere in the bedroom (whether they contained ammunition or not is unclear). An additional .380 caliber Smith & Wesson handgun was found in the trunk of Burns' car. *See* Sentencing Tr. 82. The probation officer found the presence of the first handgun in the drawer with the drugs sufficient to warrant a sentence enhancement for the possession of a dangerous weapon in connection with a narcotics offense. PSR ¶¶ 9, 23; Addendum at 3. Judge Gilbert agreed.

■ Section 2D1.1(b)(1) of the Sentencing Guidelines specifies a two-level increase in the base offense level for a narcotics offense "[i]f a dangerous weapon (including a firearm) was possessed." This enhancement reflects the Sentencing Commission's conclusion that narcotics traffickers increase the risk of violence when they possess weapons. *United States v. Carmack*, 100 F.3d 1271, 1280 (7th Cir.1996); U.S.S.G. § 2D1.1 (comment.) (n.3) (Nov. 1995). Application Note 3

---

**2.** We note that those amounts largely excluded the one-ounce quantities of crack cocaine that the government's cooperating witness, Marc Tucker, claimed to have purchased on a weekly basis from Burns over a twenty-four week period. *See* PSR ¶¶ 13, 16. Had those additional quantities been taken into consideration, the total amount of crack cocaine attributed to Burns would have risen to 737.10 grams, boosting the base offense level from 32 to 36. *See* U.S.S.G. § 2D1.1(c)(2). The probation officer chose not to rely on Tucker's statement, however, noting that it was general in nature, was devoid of details regarding the dates, times, and places of individual transactions, and was not corroborated by other evidence. PSR ¶ 15.

**3.** Burns had sold an ounce of crack cocaine to Tucker (*see supra* n. 2) in one of the two controlled buys that culminated in the search of his

home and his arrest. Burns claimed that this was the only time he had ever sold crack cocaine. *See* Sentencing Tr. 88. But FBI Agent I.A. "Ron" Bratcher testified that one-ounce quantities of crack cocaine were difficult to purchase in the Carbondale area where Burns lived; quarter ounce, "eight-ball," and $20 rock quantities were more typical. *Id.* at 14. Judge Gilbert thus thought it highly unlikely that Tucker would have known he could buy an ounce of crack from Burns unless (as Tucker himself claimed) he had done so before. *Id.* at 107. The judge remarked:

> [I]f this was the only time that Mr. Burns had ever dealt in crack cocaine, he is probably the unluckiest drug dealer I've ever seen because the Court just does not find that to be believable, that the only time he's dealt in crack cocaine was this one time....

Sentencing Tr. 107–08.

indicates that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* In this case there is no dispute that Burns possessed a gun within the time frame of his narcotics trafficking and did so at his home, where he both stored and sold cocaine. The pertinent question, then, is whether it is "clearly improbable" that the gun was connected with his narcotics business. *See United States v. Booker*, 115 F.3d 442, 443 (7th Cir.1997) (per curiam). On that question, the defendant bears the burden of persuasion (*id.*), and the district court's finding is one of fact that we review for clear error (*United States v. Vargas*, 116 F.3d 195, 197 (7th Cir.1997), quoting *United States v. Valencia*, 913 F.2d 378, 384–85 (7th Cir.1990)).

As Judge Gilbert recognized, when a firearm is discovered in close proximity to drugs, it is most likely that the two are connected. Sentencing Tr. 108–09; *see Carmack*, 100 F.3d at 1280. Here, one of the guns was found in the very drawer in which Burns kept the narcotics recovered from his apartment, and that is the gun on which the probation officer focused. PSR ¶ 23; Addendum at 3. Judge Gilbert also noted that Burns had purchased a second gun during the time that he was dealing in narcotics, an additional fact suggesting that Burns possessed the firearms with his narcotics business in mind. Sentencing Tr. 109. Under these circumstances, it strains credulity to suggest that it is "clearly improbable" that the guns were connected with Burns' narcotics offenses. The possibility that Burns may never have made affirmative use of a gun is irrelevant; in contrast to the requirements of 18 U.S.C. § 924(c), possession of a weapon is sufficient to warrant an enhancement under the Guideline provision. *Carmack*, 100 F.3d at 1279–80. We therefore discern no clear error in the weapons enhancement. *See United States v. Singleton*, 125 F.3d 1097, 1109–10 (7th Cir.1997); *United States v. Pippen*, 115 F.3d 422, 425–26 (7th Cir.1997); *United States v. Turner*, 93 F.3d 276, 288–89 (7th Cir.), *cert. denied*, —— U.S. ——, 117

S.Ct. 596, 136 L.Ed.2d 524 (1996); *United States v. Ewing*, 979 F.2d 1234, 1238 (7th Cir.1992).

The two-level enhancement for possession of a firearm brought Burns' offense level to 34; a three-level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1) lowered it to 31.[4] The sentencing range was, as we have noted, 108 to 135 months. Judge Gilbert ordered Burns to serve a prison term of 120 months, near the middle of the range.

Burns complains that the district court omitted to give reasons for imposing this particular sentence, as required by 18 U.S.C. § 3553(c)(1) for a sentence within a Guideline range exceeding twenty-four months; instead the judgment order mistakenly indicated that his sentencing range did not exceed twenty-four months. R.24 at 7. However, the court issued an amended judgment order correcting the latter error on the government's motion, and that order also articulates the reasons why Judge Gilbert imposed a prison term in the middle of the sentencing range. R. 36 at 7. Burns suggests that those reasons should have been articulated at the time of sentencing, but in view of his own failure to voice a timely objection below to the omission (which no doubt would have prompted immediate correction of the oversight), we agree with the government that any question in this regard has been waived. *United States v. Caicedo*, 937 F.2d 1227, 1236 (7th Cir.1991); see also *United States v. Strozier*, 981 F.2d 281, 282 (7th Cir.1992).

For all of these reasons, we AFFIRM Burns' sentence.

---

4. Burns received full credit for acceptance of responsibility notwithstanding his efforts to retract his initial estimates of the drug quantities for which he was responsible.