[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10742

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HENRY MARTIN STEIGER,
a.k.a. Henry Matthew Steiger,
a.k.a. H M Steiger,
a.k.a. Robert Woods,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:17-cr-00043-RV-2

————————————

Before WILLIAM PRYOR, Chief Judge, and WILSON, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, LAGOA, BRASHER, and ABUDU, Circuit Judges.

BRASHER, Circuit Judge:

While on federal probation, Henry Steiger was convicted in state court of murdering the mother of his infant child on the baby's first birthday. The government moved to revoke Steiger's probation for committing this new offense, and the district court agreed. After revoking Steiger's probation, the district court imposed a modified sentence well above Steiger's advisory guidelines range—the statutory maximum of twenty years' imprisonment to run concurrently with the state court's murder sentence. The district court did not explain why it chose that sentence, and Steiger did not object to the lack of explanation.

Steiger argues that we should vacate his sentence and remand for the district court to explain why it chose twenty years. The law requires a district court to state in open court its reasons for choosing a particular sentence, *see* 18 U.S.C. § 3553(c), and all parties agree the district court failed to do that here. We have adopted a "per se rule of reversal" that requires us to vacate any sentence imposed without an explanation. *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016); *see also United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006); *United States v. Williams*, 438

F.3d 1272, 1274 (11th Cir. 2006). Under those precedents, Steiger's failure to object is irrelevant.

We took this appeal en banc to answer two questions. First, we asked whether we should overrule our precedents that impose the "per se rule of reversal" and, instead, review unpreserved Section 3553(c) objections for plain error. We conclude that we should. Our court stands alone in imposing a "per se rule of reversal," but there is nothing special about Section 3553(c) errors that justifies this different standard of review. Second, we asked whether the district court in fact committed a plain error when it sentenced Steiger. We conclude it did not. We hold that, when the sentencing record makes clear a district court's reasons for imposing a particular sentence, a district court's failure to explain its reasons for the chosen sentence does not affect the defendant's substantial rights. It is abundantly clear on this record that the district court sentenced Steiger to the statutory maximum because of the nature of the unusually egregious state-law offense he committed on probation, so there is no plain error.

In addition to this Section 3553(c) error, Steiger argues that the district court committed procedural errors in arriving at his sentence and that a twenty-year sentence is substantively unreasonable. We remand to the panel to consider Steiger's additional arguments.

**I.**

Henry Steiger pleaded guilty to three counts of wire fraud and one count of conspiracy to commit wire fraud. Due to some

legal technicalities not relevant here, Steiger's recommended custodial sentence under the United States Sentencing Guidelines was only zero to six months' imprisonment. The district court did not impose any prison time, but it did sentence Steiger to three years' probation. A sentence of probation necessarily implies trust that the defendant will not reoffend while serving the sentence. *See* U.S.S.G. Ch. 7, pt. A, § 3(b). Steiger breached that trust a mere two months into his probation, and he did so in a most egregious way— by committing second-degree murder. After a Florida state jury convicted Steiger of that crime, the district court held a hearing to revoke Steiger's probation and to resentence him on the federal conspiracy and wire fraud offenses.

The hearing was dedicated almost exclusively to a discussion of Steiger's heinous conduct underlying his second-degree murder conviction. The district court heard evidence that Steiger strangled to death the mother of his infant daughter—on the baby's first birthday and while the baby was in her mother's arms. Steiger then hid the woman's body in a 55-gallon barrel and stowed the barrel in a trailer. When interviewed by law enforcement about the woman's disappearance, Steiger disclaimed knowledge of her whereabouts. Eventually, police discovered the woman's body. Steiger admits to hiding the body and lying about it to law enforcement, but he maintains that he did not commit murder. As Steiger tells it, he found the woman dead and thought she committed suicide. He says he thought the woman's death would cause him to lose custody of his daughter, so he frantically tried to "cover [his] tracks," which made him look "like a guilty person."

The district court rejected Steiger's claim of factual innocence. The district court instead found by a preponderance of the evidence what the Florida state jury had already found beyond a reasonable doubt—Steiger murdered the mother of his infant daughter. *Cf. United States v. Watts*, 519 U.S. 148, 156 (1997). Accordingly, the district court ruled that Steiger "violated the terms and conditions of [his] probation" by committing the state law offense of second-degree murder and revoked Steiger's probation.

Having found that Steiger committed second-degree murder in violation of the terms of his probation, the district court imposed a new sentence for Steiger's federal conspiracy and wire fraud convictions. *See* 18 U.S.C. § 3565(a)(2). The government argued that a guidelines sentence of twelve to eighteen months' imprisonment, *see* U.S.S.G. § 7B1.4, would "greatly understate[] the seriousness" of Steiger's commission of "arguably . . . the most egregious of offenses while on probation," and emphasized the district court's ability to sentence up to twenty years' imprisonment per count, *see* 18 U.S.C. § 1343. Steiger requested that he be sentenced to time served. When imposing its sentence, the district court began by explaining that it had "carefully considered all the evidence presented," Steiger's allocution, and "all of the factors set out in [18 U.S.C. § 3553(a)], as well as the applicable guidelines and policy statements" and relevant judicial precedents. The district court then sentenced Steiger "to be imprisoned for a term of 20 years on each count, . . . to be served concurrently" with each other and the life sentence imposed by Florida in the second-degree murder case.

The district court never explicitly said that it was imposing a twenty-year sentence because Steiger committed a violent crime in a heinous manner. But there's no doubt everyone was on the same page. Immediately after imposing its sentence, the district court asked if Steiger had "any objections to any of [the court's] findings or conclusions of law or anything that need[ed] to be amplified on the record with regard to the sentence [the court] imposed." Steiger said no.

Steiger appealed, arguing that his sentence is an excessively harsh upward variance and that the district court did not take the steps necessary to calculate an adequate sentence. The three-judge panel assigned to the case could not reach those issues, however. Under our precedent, any Section 3553(c) error required automatic reversal. *See United States v. Steiger*, 83 F.4th 932, 936–38 (11th Cir.), *vacated and reh'g en banc granted*, 86 F.4th 1337 (11th Cir. 2023). So the district court's omission of an express explanation of its reasoning halted the appeal. *See id.* Neither the absence of a contemporaneous objection nor the presence of a record that otherwise made clear the basis of the sentence mattered. The panel had no choice but to reverse and remand so the district court could formally supplement the record with information everyone already knew: Steiger received a long sentence because he committed murder.

Concurring with the *Steiger* panel's application of our precedents, Chief Judge Pryor lamented the incoherence and inconsistency of our "per se rule of reversal" for Section 3553(c) errors. *Steiger*, 83 F.4th at 938–40 (Pryor, C.J., concurring). In any other

context and in every other circuit to have addressed the issue, an appellate court would review the record only for plain error. *See id.* (Pryor, C.J., concurring).

We voted to take the case en banc and asked the parties to brief two questions. First, we asked whether we should overrule in part our cases creating the per se rule of reversal for Section 3553(c) errors and hold that plain error review applies. Second, we asked whether, if plain error review does apply, the district court committed plain error here.

## II.

Criminal defendants in federal court have the right to know the reason for their sentence so they can understand the process and challenge their sentence on appeal. To ensure that a defendant has that information, the law requires that a district court "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the district court imposes a sentence within the range recommended by the United States Sentencing Guidelines, "and that range exceeds 24 months," then the district court must explain "the reason for imposing a sentence at [the] particular point" that the court chose "within that range." *Id.* § 3553(c)(1). If the district court imposes a sentence outside the guidelines range, then the district court must state orally during the sentencing hearing "the specific reason for the imposition of a sentence different from" the guidelines range. *Id.* § 3553(c)(2). The district court must also "state[] with specificity" those reasons "in a [written] statement of reasons." *Id.*

The district court's obligation under Section 3553(c) is to "adequately explain the chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007). The adequacy of an explanation necessarily depends "upon the circumstances of the particular case." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). In "conceptually simple" cases in which "the record makes clear that the sentencing judge considered the evidence and arguments," a district court's statement that a within-guidelines sentence is "appropriate" can be sufficient. *Rita v. United States*, 551 U.S. 338, 358–59 (2007). But "major departure[s]" from the guidelines range require that a district court identify a "more significant justification" at the hearing and on the written "statement of reasons form" created by the Sentencing Commission. *See Gall*, 552 U.S. at 50; 18 U.S.C. § 3553(c)(2).

Although it isn't onerous to comply with Section 3553(c), the district court here said nothing to explain its sentence. The district court imposed a sentence above the sentencing guidelines range but said nothing about why it was varying upward. On the other hand, Steiger did not object to the district court's lack of explanation. The district court expressly asked him whether he needed any clarification, and, through counsel, he said no. Thus, we are left with our two questions: (1) Should we automatically vacate Steiger's sentence for this unobjected-to error or apply customary plain error review? (2) If we review for plain error, is there any reason to believe that the district court's error affected Steiger's substantial rights or undermined the fairness of the sentencing process?

*A.*

We begin by holding that an unobjected-to Section 3553(c) error warrants review for plain error only. In doing so, we overrule in part our cases that established the per se rule of reversal.

Two general rules frame the issue here. The first is that we don't reverse based on errors (even preserved ones) that are harmless—that is, if they didn't affect the outcome of the proceeding. *See* Fed. R. Crim. P. 52(a); *United States v. Daniels*, 91 F.4th 1083, 1095 (11th Cir. 2024). The second is that we won't reverse for any error (even an outcome-changing one) when the party claiming error did not object below unless the error is "plain"—meaning that it is obvious and it affected substantial rights—and it undermined the fairness of the proceeding. *See* Fed. R. Crim. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 134–35 (2009).

We recognized a Section 3553(c) exception to these background rules in *United States v. Williams*. In *Williams*, the district court violated Section 3553(c)(1) when it imposed a sentence within a guidelines range that exceeded twenty-four months without explaining why it picked a particular point within that range. 438 F.3d at 1274. Despite the defendant's failure to object, the *Williams* panel "reject[ed] the government's argument that this error [was] subject only to plain error review." *Id.*; *see also Bonilla*, 463 F.3d at 1181 n.3. The *Williams* panel instead applied *de novo* review, creating what we later came to describe as a "per se rule of reversal." *Parks*, 823 F.3d at 997. That rule was later extended from Section 3553(c)(1) to Section 3553(c)(2) and, until today, has mandated

automatic reversal any time a district court does not explicitly lay out the logic behind its sentence. *See id.* at 995–97 & n.31.

No other circuit has followed *Williams*. The Second and Seventh Circuits have held that a contemporaneous objection is necessary to preserve a Section 3553(c) issue. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007); *United States v. Burns*, 128 F.3d 553, 556 (7th Cir. 1997). The Fourth Circuit has reasoned that plain error review is all but mandated by Federal Rule of Criminal Procedure 52 and Supreme Court precedent. *See United States v. Lynn*, 592 F.3d 572, 575–77 (4th Cir. 2010). The First, Third, Fifth, Sixth, Eighth, Ninth, Tenth, and D.C. Circuits apply plain error to unpreserved Section 3553(c) errors without much ado. *See United States v. Gilman*, 478 F.3d 440, 447 (1st Cir. 2007); *United States v. Merlino*, 349 F.3d 144, 161 (3d Cir. 2003); *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440–41 (5th Cir. 2000); *United States v. Eversole*, 487 F.3d 1024, 1035 (6th Cir. 2007); *United States v. Evans*, 272 F.3d 1069, 1089 (8th Cir. 2001); *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999); *United States v. Romero*, 491 F.3d 1173, 1177–78 (10th Cir. 2007); *United States v. Ransom*, 756 F.3d 770, 773 (D.C. Cir. 2014).

We are likewise convinced that *Williams* was wrong. In departing from the plain error standard, the *Williams* panel felt itself bound by *United States v. Parrado*, 911 F.2d 1567 (11th Cir. 1990), and *United States v. Veteto*, 920 F.2d 823 (11th Cir. 1991). But those precedents do not require that result.

For starters, neither precedent addressed the standard of review for unobjected-to Section 3553(c) errors. *See Veteto*, 920 F.2d at 826; *Parrado*, 911 F.2d at 1572–73. In *Veteto*, the defendant objected; he didn't understand why he received such a long sentence, so he asked for clarification. 920 F.2d at 824. The district court expressly refused to explain itself. *Id*. We understandably remanded for clarification. *See id*. at 826–27. In *Parrado*, the district court likewise provided no summary of reasons at the end of the hearing. *See* 911 F.2d at 1570. But there was no discussion in *Parrado* about whether the defendant objected, and there was no discussion about the standard of review that would apply to unpreserved errors.

If anything, the result in *Parrado* suggests that we implicitly rejected an automatic reversal rule—because we *affirmed*. Instead of reversing based on the district court's lack of explanation alone, the panel in *Parrado* searched the record for some evidence that the district court's error had affected the defendant's ability to understand his sentence. In particular, the panel asked whether the district court's reasoning was evident, even though it had failed to explain itself. Then, because the panel held that the record was sufficiently clear, it reasoned that reversal was unwarranted. *See id*. at 1573.

Obviously, neither precedent mandates reversal for all Section 3553(c) errors. *Williams* therefore not only broke the general rule of plain error review by forgiving a defendant's failure to object, but *Williams* also put itself in tension with the precedents it relied on for that rule.

Other justifications for the *Williams* rule fare no better. The *Parks* panel, engaging in its duty to reconcile conflicting cases, posited that the *Williams* rule is justifiable because a Section 3553(c) error can be identified "on a silent record." *Parks*, 823 F.3d at 995–96. That is, Section 3553(c) requires a statement of reasons; any sentence imposed without such a statement is clearly unlawful; and so, a contemporaneous objection is unnecessary to develop the record for appellate review. *See id.*

That justification falls flat for at least two reasons. First, it prizes record development at the expense of the timely objection rule's other aims that are fully applicable in the Section 3553(c) context—"foster[ing] finality of judgment[s] and deter[ring] 'sandbagging,'" *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998), and giving the district court the chance to "correct or avoid the mistake so that it cannot possibly affect the ultimate outcome," *Puckett*, 556 U.S. at 134. Second, the *Parks* justification creates even more tension with our precedents. We regularly review for plain error even if the record would not have benefited from a contemporaneous objection. *See Steiger*, 83 F.4th at 940 (Pryor, C.J., concurring) (noting that plain error review applies to challenges under Fed. R. Crim. P. 11(c)(3)(B) and to challenges that a district court failed to articulate reasons supporting its decision to seal an order). That an error may be obvious on a silent record does not answer whether we should reverse because of that error—even when a defendant has preserved an objection, we still ask whether the error was harmless before we reverse. *See* Fed. R. Crim. P. 52(a).

Finally, there is no reason to conclude that a Section 3553(c) error is one of the rare "structural errors" that requires us to "revers[e] without regard to the mistake's effect on the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004). The "defining feature of a structural error is that it affects the framework within which" the proceeding occurs, as opposed to an error that occurs within a structurally sound proceeding. *Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017) (cleaned up). For example, a district court's failure to adequately instruct a jury on reasonable doubt is a structural defect because that trial becomes incapable of producing a constitutional verdict. *See Sullivan v. Louisiana*, 508 U.S. 275, 277–82 (1993). But a district court's failure to adequately instruct the jury on an element of a charged crime is not structural because it remains possible for us to assess the guilty verdict based on the evidence. *See Neder v. United States*, 527 U.S. 1, 8–15 (1999).

A district court's failure to explain the reason for a sentence is not structural. The federal sentencing framework requires that district courts resolve factual disputes, calculate the guidelines range, consider the Section 3553(a) factors, impose a reasonable sentence, and adequately explain the basis for the sentence imposed. If a district court makes a mistake while performing one of those functions, it has erred within the context of a structurally sound sentencing proceeding. *United States v. Perez*, 86 F.4th 1311, 1319–20 (11th Cir. 2023), *cert. denied* 2024 WL 1143718 (U.S. Mar. 18, 2024). If the defendant timely objects, we review for harmless error. If not, then plain error applies.

In short, there's simply no basis to depart from the general rule of plain error review for unobjected-to errors. We therefore hold that an unobjected-to Section 3553(c) error warrants only plain error review. To the extent *Williams* or any of its progeny—including *Bonilla* and *Parks*—conflicts with our decision today, those precedents are overruled.

*B.*

We must now decide whether the district court committed plain error by failing to "state in open court . . . the specific reason for the imposition of a sentence" outside the guidelines range or file a written statement of reasons. 18 U.S.C. 3553(c)(2). The plain error test has four elements. An appellate court must find that (1) the district court committed an error; (2) the error was "plain"; and (3) the error "affect[ed] a substantial right." *United States v. Caldwell*, 81 F.4th 1160, 1175 (11th Cir. 2023), *cert. denied sub nom. Clayton v. United States*, 144 S. Ct. 870 (2024) (citation omitted). If all three conditions are met, then an appellate court has discretion to correct the forfeited error if it (4) "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997).

The government does not dispute that Steiger satisfies the first and second elements. We agree. The district court erred when it did not state in open court the specific basis of its upward variance or file a written statement of reasons. 18 U.S.C. § 3553(c)(2). And its obligation to make such explanations is clear from the "explicit language of [the] statute." *United States v. Bankston*, 945 F.3d

1316, 1318 (11th Cir. 2019) (citation omitted). The parties disagree about the third and fourth elements, however. So that is where we turn.

For the third element of plain error, Steiger must establish that the district court's Section 3553(c) error "affect[ed] a substantial right." *Caldwell*, 81 F.4th at 1175. A district court's compliance with Section 3553(c) ensures that the defendant understands his sentence, and it creates a record of the district court's reasoning. Both aims implicate a defendant's ability to make an informed decision of whether to appeal and, if he does appeal, his ability to meaningfully attack the legality of the sentence. Many of our sister circuits have held, therefore, that the substantial right at issue in a Section 3553(c) challenge is the right to meaningful appellate review of a sentence. *See United States v. Lewis*, 424 F.3d 239, 247 (2d Cir. 2005); *United States v. Gore*, 298 F.3d 322, 325–26 (5th Cir. 2002); *United States v. Blackie*, 548 F.3d 395, 402–03 (6th Cir. 2008); *United States v. Brown*, 892 F.3d 385, 405 (D.C. Cir. 2018). We agree. The primary reason Section 3553(c) requires an oral and written statement is so that a defendant can meaningfully appeal the sentence. *See Gall*, 552 U.S. at 50. Accordingly, a Section 3553(c) error does not affect a defendant's substantial rights if the record is clear enough to allow meaningful appellate review of the sentence.

Section 3553(c)'s role in the sentencing process also informs Steiger's burden for the fourth element—whether "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Caldwell*, 81 F.4th at 1175 (citation omitted). Section

3553(c) enables district courts imposing sentences to "treat like cases alike." *Parrado*, 911 F.2d at 1572. It gives "information to criminal justice researchers" and aids "the Sentencing Commission in its continuous reexamination of its guidelines and policy statements." *Veteto*, 920 F.2d at 826 n.3 (citation omitted). And Section 3553(c) explanations inform the public of the reasons justifying criminal sentences. *See Parks*, 823 F.3d at 997 & n.30. All of these purposes are satisfied if the record is clear about a district court's reasons for imposing a sentence, even if it did not make the express statements that Section 3553(c) requires.

Putting everything together, the third and fourth elements of plain error rise and fall, in this context, based on one thing: the clarity of the record. An ambiguous record could prevent a defendant from understanding his punishment, impede appellate review, and undermine public confidence by making a sentence appear secretive and arbitrary. But if the basis of the sentence is clear on the face of the record, then the defendant is not left out of the loop, appellate courts can effectively review the legality of the sentence, district judges can use the sentence as a comparator, and the public won't be left to guess why the defendant received the sentence he did. Accordingly, we hold that a Section 3553(c) error warrants reversal under plain error review only when the district court's reasoning is unclear on the face of the record. *See Dominguez Benitez*, 542 U.S. at 82; *see also United States v. Guzman*, 603 F.3d 99, 110 (1st Cir. 2010); *Gore*, 298 F.3d at 325–26; *Vences*, 169 F.3d at 613.

The government disagrees that a defendant in Steiger's position can establish plain error if the district court's reasons for a sentence are ambiguous. Instead, the government argues that a defendant in Steiger's position must establish that he would have been sentenced to a lower sentence but for the Section 3553(c) error. The government's argument is unpersuasive for two reasons.

First, the government focuses on the wrong outcome. We often describe an appellant's burden under plain error review as establishing that the "outcome" of the judicial proceeding would have changed. *See Daniels*, 91 F.4th at 1095. But we define the "outcome" that must have been affected by considering the nature of the rule violated by the district court and the role that rule plays in the judicial process. For example, when a defendant says his guilty plea was unknowing or involuntary in violation of Federal Rule of Criminal Procedure 11, our focus under plain error review is on the "effect of Rule 11 error on the defendant's decision to plead," not on whether the defendant would have otherwise avoided a guilty verdict. *Dominguez Benitez*, 542 U.S. at 84. Here, Section 3553(c) is directed at the "outcome" of whether there is a record for appeal, not on the outcome of the sentencing proceeding in the district court.

Second, Section 3553(c) is unusual in that it is not a rule that guides a legal decisionmaker to a particular result—it is a rule that a decisionmaker must comply with after reaching a result. To be sure, on plain error review, we usually expect an appellant to prove that a better overall result—i.e., a not-guilty verdict or a lesser

sentence—would have occurred without an error. But that is because most cases implicate rules that facilitate the overall result of a proceeding. For example, when the proceeding is sentencing, we ask whether the sentence would be different but for erroneous sentencing enhancements or an inaccurate sentencing guidelines range. *See, e.g., United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022); *United States v. Jones*, 743 F.3d 826, 829–30 (11th Cir. 2014). But Section 3553(c) is different. It doesn't guide a district court's sentencing discretion; it becomes relevant only after the district court has exercised that discretion and made its decision. It makes no sense to apply a change-of-result test to a post-result error.

For his part, Steiger argues that this framework for evaluating plain error reads the word "specific" out of 18 U.S.C. § 3553(c)(2). His point is that Section 3553(c)(1) requires only a statement of "the reason" behind a guidelines sentence; Section 3553(c)(2), on the other hand, demands an explanation of "the *specific* reason" (emphasis added) underlying any non-guidelines sentence. But Steiger's argument is beside the point. The difference in specificity between Section 3553(c)(1) and Section 3553(c)(2) goes to whether the district court violated Section 3553(c) in the first place, not whether the violation affected a defendant's substantial rights or undermined public confidence. Said differently, a defendant's substantial rights do not vary between Section 3553(c)(1) and Section 3553(c)(2). Nor does the public's confidence in the fairness and integrity in the proceedings. If someone with knowledge of the sentencing record can understand the reasons for the sentence

imposed, then a district court's technical violation does not warrant reversal under plain error review.

Applying that view of plain error review here, we cannot say the district court plainly erred. A reasonable person familiar with the sentencing record would understand that Steiger received an above-guidelines sentence because, while he was out on probation, he brutally murdered the mother of his infant daughter, hid her body, and then lied to law enforcement about it. Steiger's second-degree murder conviction and his conduct underlying the conviction were the only topics of discussion at the revocation and sentencing hearing. Nearly all the time spent at that hearing was dedicated to getting straight the gruesome details of the crime. The district court found as a matter of fact that Steiger committed the crime, quickly dismissing Steiger's factual-innocence argument. And although Steiger asked for a sentence of time served, the government suggested a higher sentence because of Steiger's disturbing conduct. Because the district court's reasoning is clear on the face of the record, Steiger cannot establish plain error. A remand in this circumstance would be a wasteful formality for the district court to state on the record what everyone already knows.

*C.*

To be clear, this opinion does not address whether the district court's reasons for varying upward were appropriate or otherwise resolve whether Steiger's sentence is lawful. He raised multiple procedural and substantive arguments on appeal. The panel initially assigned to this case was foreclosed from reaching those

arguments because of our per se rule of reversal. Today's holding—that the district court's failure to explicitly state its reasons for an upward variance was not plain error because those reasons are obvious on the face of the record—simply removes the barrier to review.

## III.

We **REMAND** to the panel for further proceedings consistent with this opinion.

22-10742                Jordan, J., Concurring                1

JORDAN, Circuit Judge, joined by ROSENBAUM and JILL PRYOR, Circuit Judges, Concurring:

I join Judge Brasher's well-written opinion in full but write briefly to offer some cautionary thoughts.

Justice Holmes once remarked that "hard cases" can "make bad law." *Northern Sec. Co. v. United States*, 193 U.S. 197, 400 (1904) (Holmes, J., dissenting). But easy cases sometimes bring difficulties of their own. Our affirmance in this case, under plain error review, is made relatively simple by the fact that Mr. Steiger murdered the mother of his child while on probation. But most cases will not be so easy. In run of the mill cases—where many different facts and arguments may be in play at sentencing—analyzing the substantial rights prong of the plain error analysis may not be as straightforward. I doubt very much that many cases in the future will be this cut and dry.

While on federal probation, Mr. Steiger was convicted in state court of the second-degree murder of the mother of his child. The probation office petitioned the district court to revoke his probation on this one ground, and the conviction was understandably the focus of the revocation hearing. At the hearing, Mr. Steiger argued that he should be sentenced to time-served because he was already facing life imprisonment on the second-degree murder conviction and because—despite the jury verdict—he had not committed the murder. All parties, including Mr. Steiger, understood that the advisory guidelines range for the probation violation was 12 to 18 months. And Mr. Steiger did not object to the government's

representation that, according to probation, the district court was statutorily authorized to sentence him to 20 years for each of his four original federal offenses and to run the sentences consecutively, for a maximum sentence of 80 years.

The district court sentenced Mr. Steiger to four terms of 20 years, but ran those terms *concurrently* with each other and with his state court life imprisonment sentence. All of this is to say that the probation revocation sentence did not come out of left field. Nor is it hard to discern the district court's reasoning—there was only one reason for the revocation and for the sentence, and that was Mr. Steiger's commission of murder.

But sentencing is often a more complicated affair, with opposing recommendations from the parties, competing aggravating and mitigating facts, possible enhancements, departures, and variances, and disputed guideline provisions. If a district court does not adequately explain its reasons for a sentence, those reasons may not be apparent from the record. *See, e.g.*, *United States v. Wallace*, 597 F.3d 794, 805 (6th Cir. 2010) (2-1 decision) (finding plain error where the majority (a) "simply [could] not determine whether the district [court] considered the disparity between [the co-defendants'] sentences," and (b) disagreed with the dissent's contention that "it [wa]s clear" that the district court considered the argument, which it deemed "conceptually straightforward").

We do not provide a benchmark today on when a "district court's reasoning is unclear on the face of the record." Maj. Op. at 16. A defendant's ability to satisfy his or her burden under plain

22-10742                Jordan, J., Concurring                3

error review is therefore going to be fact-specific and subject to a case-by-case adjudication.  This is the right call, as a really easy case like this one can make it difficult to provide broad guidance for the future.