[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-12948

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRAVIS LEE FLINT,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14008-AMC-1

————————————————

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Travis Lee Flint was sentenced to 120 months' imprisonment for possession with intent to distribute methamphetamine. Flint argues his sentence was procedurally unreasonable because the district court improperly calculated his guideline range under the guidelines for high purity "ice" methamphetamine instead of those for methamphetamine mixtures. Flint also argues that the sentence was substantively unreasonable because the court improperly weighed the 18 U.S.C. § 3553(a) factors and did not vary downward from the ice guidelines. We reject both arguments and affirm.

Flint first argues his sentence was procedurally unreasonable because the district court calculated his guideline range under the guidelines for ice methamphetamine instead of the more lenient guidelines for mixtures containing methamphetamine. *See* United States Sentencing Guidelines Manual § 2D1.1(c), ns. (A), (C) (Mar. 2022). We review the district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010). Flint does not challenge the district court's factual findings. His methamphetamine was 100% purity, well above the 80% threshold for ice. *See* U.S.S.G. § 2D1.1(c), n.(C). Accordingly, the ice guidelines apply to Flint's sentence, and his procedural argument is without merit.

Even though the ice guidelines apply, Flint argues the district court should have followed the mixture guidelines because he believes—as a matter of sentencing policy—that the guidelines should not distinguish between mixtures and pure methamphetamine. Specifically, Flint argues that there is "no empirical basis" for the sentencing disparity between ice methamphetamine and methamphetamine mixtures, as "methamphetamine purity is no longer an accurate indicator of a defendant's role in a drug-trafficking conspiracy." Appt. Br. at 13; *see also* U.S.S.G. § 2D1.1, comment. (n.27(C)). District courts may vary from the guidelines based on a policy disagreement, *United States v. Kimbrough*, 552 U.S. 85, 110 (2007), and many have followed Flint's reasoning and have imposed below-guidelines sentences for that reason. *See, e.g.*, *United States v. Nawanna*, 321 F. Supp. 3d 943, 957-958 (N.D. Iowa 2018).

Nonetheless, we cannot say the district court committed an error—either procedural or substantive—in declining to vary from the ice guidelines here. *See Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013); *see also United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010) ("The lack of empirical evidence would not require the wholesale invalidation of sentencing guidelines."). There are plenty of reasons that the Commission suggests, and courts may impose, a harsher sentence for pure methamphetamine. For example, ice methamphetamine is more potent, valuable, and dangerous than a methamphetamine mixture. *See United States v. Webb*, 70 F.4th 1038, 1043 (8th Cir. 2023) ("[Purer] methamphetamine presents a graver risk . . . which justified the Guidelines' treatment of the substance."). The Sentencing Commission recommends

harsher punishments for ice methamphetamine, and we cannot say the district court erred in following the Commission's guidance.

Flint also argues that his sentence of 120 months, though within his adjusted advisory guideline range of 110 to 137 months, was substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant [§ 3553(a)] factors due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotation marks omitted) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)); *see also* 18 U.S.C. § 3553(a).

Flint argues his sentence was substantively unreasonable in two ways. First, he says the district court did not afford consideration to his personal characteristics, specifically his difficult family situation and struggles with health issues and addiction. *See Rosales-Bruno*, 789 F.3d at 1256. Second, Flint says the district court did not afford consideration to the allegedly unwarranted sentencing disparity caused by the ice guidelines. *See id.*

Both arguments fail. The record establishes that the district court considered all Flint's arguments and the Section 3553(a) factors. *See* Dist. Ct. Doc. 63 at 28. The district court did not explain precisely how it weighed all the factors, but there was no need. "In

'conceptually simple' cases in which 'the record makes clear that the sentencing judge considered the evidence and arguments,' a district court's statement that a within-guidelines sentence is 'appropriate' can be sufficient." *United States v. Steiger*, 99 F.4th 1316, 1321-22 (11th Cir. 2024) (quoting *Rita v. United States*, 551 U.S. 338, 358-59 (2007)). We are thus "satisfied" that the district court considered Flint's arguments for a downward variance and simply found them unpersuasive. *Rita*, 551 U.S. at 356. As for sentencing disparities, the district court explicitly addressed this consideration when it explained that it would apply the ice guidelines despite Flint's policy arguments. *See* Dist. Ct. Doc. 63 at 9-10.

The district court also considered the fact that Flint had nineteen criminal convictions, of which eight involved drugs and two violence. To the extent Flint argues the district court improperly overemphasized his criminal history and lack of consistent employment, we are not convinced the district court made a "clear error of judgment" in weighing those factors more heavily than his addiction, mental health struggles, and family circumstances. *Rosales-Bruno*, 789 F.3d at 1256 (quoting *Irey*, 612 F.3d at 1189). "Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Id.* at 1263 (citations omitted).

**AFFIRMED.**