[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13952

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARTIN CASTILLO-QUINONES,
a.k.a. Enano,
a.k.a. El Viejo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:19-cr-00348-WFJ-AAS-6

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Martin Castillo-Quinones appeals the procedural reasonableness of his 120-month sentence imposed after he pleaded guilty to conspiracy to distribute cocaine knowing that such substance would be imported into the United States in violation of 21 U.S.C. §§ 959, 963, and 960(b)(1)(B)(ii), and to knowingly conspiring with other persons to possess with intent to distribute cocaine while upon a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii). After review, we affirm Castillo-Quinones's sentence.

Castillo-Quinones asserts the district court plainly erred and imposed a procedurally unreasonable sentence by failing to explain the reasoning behind its Guidelines sentence of 120 months' imprisonment as required by 18 U.S.C. § 3553(c)(1). Castillo-Quinones maintains the court never explained why it believed that 120 months was a low sentence and did not address the specific § 3553(a) factors by name. He contends the court did not mention his difficult background, his allegedly minor role in the offense, or his cooperation with law enforcement.

"The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and,

if the sentence . . . is of the kind, and within the [Guidelines] range . . . and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range."    18 U.S.C. § 3553(c)(1).  However, § 3553(c) does not require the court to issue "a full opinion in every case."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  When explaining a sentence, the district court judge must merely "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Id*.  If the judge simply applies the Guidelines to a case, then a lengthy explanation for the reasoning behind its sentence is not required if the circumstances make clear the judge's decision rests upon the Sentencing Commission's own reasoning that the Guidelines sentence is proper in the typical case.  *Id*. at 356-57.

The district court did not plainly err.[1]  The district court did not have to provide a lengthy explanation for the reasoning behind

---

[1] We apply plain error review when reviewing a district court's unobjected-to failure to explain a sentence under 18 U.S.C. § 3553(c).  *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (*en banc*).  To satisfy plain error review, the appellant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected the defendant's substantial rights.  *Id*. at 1324.  If these three elements are satisfied, we have the discretion to remedy the error "if it (4) seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  *Id*. (quotation marks omitted).  A district court's failure to properly explain the reasoning behind its sentence "does not affect a defendant's substantial rights if the record is clear enough to allow meaningful appellate review of the sentence."  *Id*. at 1325.

its sentence because it imposed a Guidelines sentence, and the circumstances show the court based its sentence on the Sentencing Commission's own reasoning behind the Guidelines. *Rita*, 551 U.S. at 356-57.

The circumstances supporting Castillo-Quinones's sentence include that the court expressly adopted the Guidelines range of 108 to 135 months included in the PSI. The sentencing record reflects the court listened to the parties' arguments and reviewed the PSI and the parties' sentencing memorandums. The court used this information as reasoned bases on which it based its sentencing decision, including the Government's argument that "a [Guidelines] sentence of 120 months [was] sufficient but not greater than necessary to ensure the purposes of sentencing."

The court also twice referenced the § 3553(a) factors when imposing the sentence, and stated it considered "all the factors under 3553(a)(1) through (7)." Although the court did not go over each factor in detail, it was not required to provide an in-depth analysis of every factor because the sentence was based on the Guidelines range. *See United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010) (stating the court need not specifically discuss each § 3553(a) factor so long as the record reflects that the court considered those factors).

The court was not required to explicitly address each of Castillo-Quinones's personal characteristics when rejecting his argument. *See Rita*, 551 U.S. at 358-59 (stating when a party argues for a sentence below the Guidelines range based on their unique

personal characteristics, the court does not have to explicitly mention each characteristic when finding they do not warrant a lower sentence). The court listened to Castillo-Quinones's argument regarding his difficult background, cooperation with the Government, and other personal characteristics, but ultimately believed these factors did not warrant a lower sentence. Even after listening to Castillo-Quinones's argument, the court stated the sentence of 120 months was "a little on the low side."

We affirm Castillo-Quinones's sentence.

**AFFIRMED.**