[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11685

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SANQUEZ DEONTRA QUEZ BIVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:14-cr-00432-WKW-KFP-4

_____

2                    Opinion of the Court                    24-11685

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Sanquez Bivens appeals his sentence of 60 months' imprisonment imposed upon revocation of his term of supervised release. He contends the district court erred by failing to adequately explain why it imposed a sentence above the Guidelines range, in violation of 18 U.S.C. § 3553(c)(2).  After review,[1] we affirm.

Under § 3553(c), a district court is required to "state in open court the reasons for its imposition of the particular sentence," and if it imposes a sentence outside of the defendant's calculated Guidelines range, it must provide the specific reasons justifying the above-guidelines sentence and articulate such reasons with specificity in a "statement of reasons form."  18 U.S.C. § 3553(c).  The purpose of requiring a district court to adequately explain the sentence imposed is to "allow for meaningful appellate review and to promote the perception of fair sentencing."  *Gall v. United States*, 552 U.S. 38, 50 (2007).  The adequacy of an explanation depends upon the facts and circumstances of a particular case.  *United States v. Steiger*, 99 F.4th 1316, 1321 (11th Cir. 2024) (*en banc*).  However, a district court must ensure its "justification is sufficiently compelling" to support a variance, and "a major departure should be

---

[1] We review preserved challenges to a district court's failure to explain the reason for its sentence in accordance with 18 U.S.C. § 3553(c) for harmless error.  *United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (*en banc*).

supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

We will not reverse a lower court's decision based on "harmless" errors, or errors that did not "affect the outcome of the proceeding." *Steiger*, 99 F.4th at 1322. A harmless error is an "error, defect, irregularity, or variance that does not affect substantial rights" and "must be disregarded." Fed. R. Crim. P. 52(a). In the context of § 3553(c), the focus is on the "outcome" of "whether there is a record for appeal, not on the outcome of the sentencing proceeding in the district court." *Steiger*, 99 F.4th at 1326.

While the district court erred by failing to provide a written statement of reasons reflecting why it imposed an above-range sentence, as is required by § 3553(c)(2), the error was harmless because Bivens' substantial rights were not affected. 18 U.S.C. § 3553(c)(2); Fed. R. Crim. P. 52(a); *Steiger*, 99 F.4th at 1322. Contrary to Bivens' contentions, the district court explained its reasoning for the sentence it imposed during the revocation hearing in a manner that was sufficient to allow for meaningful appellate review. *See Gall*, 552 U.S. at 50; *Steiger*, 99 F.4th at 1326. In imposing Bivens' sentence, the district court explained it had considered Bivens' significant criminal history, which included (1) charges involving firearms, domestic violence, and a shooting; (2) the danger Bivens posed to society; and (3) Bivens' repeated inability to comply with the conditions of his supervised release. The district court also stated it had considered Chapter 7 of the Sentencing Guidelines, the need to provide a just punishment and avoid sentencing

disparities, the available evidence, both parties' arguments, and the § 3553(a) factors in determining that 60 months' imprisonment, which the district court acknowledged was a variance over Bivens' Guidelines range of 46 to 57 months, was an appropriate sentence. Thus, the district court adequately articulated its justifications for imposing an above-range sentence in a manner that demonstrated it had "considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v. United States*, 551 U.S. 338, 356 (2007). Because the district court sufficiently explained its reasons for the sentence it imposed and created an adequate record for appellate review, its failure to provide a written statement of reasons was harmless, as the omission did not affect Bivens' substantial rights. Fed. R. Crim P. 52(a); *Steiger*, 99 F.4th at 1322, 1326.

To the extent Bivens argues the district court erred by failing to specifically articulate its reasons for varying from the Guidelines range, any such error was harmless because it did not affect Bivens' substantial rights or the adequacy of the record on appeal. Fed. R. Crim P. 52(a); *Steiger*, 99 F.4th at 1322, 1326. While the district court did not state it was imposing a variance and then explicitly set forth its reasons for doing so, as noted above, the court explained it had considered Bivens' significant and violent criminal history, his previous violations of the terms of his supervised release, and several other factors in determining a 60-month, above-range sentence was appropriate. Thus, the district court's discussion shows it was varying from the Guidelines range because of Bivens' criminal history, his inability to comply with the conditions of his supervised

24-11685          Opinion of the Court          5

release, and the other factors it had considered, thereby creating a sufficient record for appellate review. *See Rita*, 551 U.S. at 356; *Steiger*, 99 F.4th at 1326. As a result, the manner in which the district court articulated its justification for imposing a variance did not affect Bivens' substantial rights, rendering any alleged deficiencies in its statements harmless. Fed. R. Crim. P. 52(a).

Consequently, the district court's harmless errors "must be disregarded," and Bivens' contentions that the court violated § 3553(c)(2) by not adequately explaining its reasons for imposing an above-range sentence fail. Fed. R. Crim P. 52(a). Accordingly, we affirm.

**AFFIRMED.**