[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13570

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID LESLIE COHOON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:24-cr-00023-MTT-CHW-1

————————————————

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

David Cohoon appeals his sentence for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He argues that the district court procedurally erred when, without explanation, it imposed a 25-year term of supervised release—a term 5 times greater than the recommended guideline term. Separately, he argues that the supervised-release term is substantively unreasonable.

Ordinarily, we review the procedural and substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). But we review an unpreserved claim that the district court failed to adequately explain its sentence for plain error only. *United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024). Under plain-error review, we consider whether "(1) the district court committed an error; (2) the error was 'plain'; and (3) the error affected a substantial right." *Id.* (quotation omitted, alteration adopted). If the first three elements of the plain-error test are met, we have discretion to correct the error "if it (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted, alteration adopted).

Federal sentencing law requires district courts to state in open court the reasons for imposing a particular sentence. 18 U.S.C. § 3553(c). When a district court imposes a sentence outside

the range provided by the Sentencing Guidelines, the court must provide specific reasons for doing so, and it must also include those reasons in a separate written statement. *Id.* § 3553(c)(2).

Because the obligation to provide specific reasons for an above-Guidelines sentence is "clear from the explicit language of the statute," a district court plainly errs—satisfying the first two requirements for plain-error review—when it fails to explain its reasons for an upward variance in open court and in its written statement of reasons. *Steiger*, 99 F.4th at 1324–25. In this context, the third and fourth elements of the plain-error test are met only if the basis for the sentence is not clear from the face of the record. *Id.* at 1325.

Here, the parties dispute whether Cohoon preserved his procedural-reasonableness objection at sentencing when his attorney stated that the sentence was "substantially [sic] unreasonable given the circumstances in the case." We conclude that remand is warranted either way because even the higher standard for plain error is met on this record.

The district court committed plain error by imposing a 25-year term of supervised release—significantly higher than the Guidelines sentence of 5 years—without explaining its reasons for the upward variance either in open court or in its written statement of reasons. 18 U.S.C. § 3553(c)(2); *Steiger*, 99 F.4th at 1324–25. This error meets the third and fourth elements of the plain-error test because the reasons for the district court's steep upward variance are not apparent from the record. *See id.* at 1325. To the contrary,

after reviewing the presentence investigation report and hearing the parties' arguments, the district court specifically *declined* to vary upward and stated that a sentence at the top of the Guidelines range was appropriate. We therefore vacate Cohoon's sentence and remand for resentencing.

Because we vacate Cohoon's sentence based on the district court's § 3553(c) error, we need not reach his argument that the 25-year term of supervised release was substantively unreasonable. On remand, both parties will have an opportunity to present their arguments regarding the appropriate term of supervised release.

**VACATED and REMANDED for resentencing.**