**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11591

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HENNISON CURRY, JR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20333-JEM-1

————————————

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Hennison Curry, Jr., appeals his conviction and sentence imposed following his guilty plea to one count of being a convicted felon in possession of a firearm and ammunition, in violation of 18

U.S.C. § 922(g)(1).  He argues that the district court plainly erred in calculating his guideline sentencing range when it applied one criminal history point for his prior offense of marijuana possession and an additional criminal history point pursuant to U.S.S.G. § 4A.1.1(e).  He also argues that § 922(g)(1) is unconstitutional under the Second Amendment.

After reviewing the briefs and the record, we affirm Mr. Curry's conviction under § 922(g)(1) but we vacate his sentence and remand for resentencing.

## I

A federal grand jury charged Mr. Curry by indictment with knowingly possessing a firearm and ammunition, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  Mr. Curry moved to dismiss the indictment, arguing that § 922(g)(1) was unconstitutional facially and as applied to him following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024).  Before the district court ruled on the motion to dismiss, Mr. Curry entered a guilty plea and signed a factual proffer.  Specifically, Mr. Curry admitted that the government would have proved that (1) he purchased a semiautomatic pistol and ammunition that law enforcement found in his vehicle during a traffic stop, (2) the gun and ammunition were purchased outside of Florida, and (3) he knew that he was convicted of a felony and not permitted to possess a firearm or ammunition.  The district court

subsequently denied the motion to dismiss in light of Mr. Curry's guilty plea.

In the presentence investigation report, the probation officer calculated Mr. Curry's total offense level at 21. The probation officer assessed seven criminal history points based on prior convictions, including a conviction in 2012 for the unlawful possession of marijuana committed when he was 17 years old.[1] An additional point was added pursuant to U.S.S.G. § 4A1.1(e) because his criminal history points totaled seven or more and he was on supervised release at the time of the offense. Mr. Curry's eight criminal history points resulted in a criminal history category of IV. Mr. Curry's total offense level and criminal history category produced an advisory sentencing guideline range of 57 to 71 months imprisonment. Mr. Curry did not object to the calculation of his total offense level or his criminal history category.

As relevant to this appeal, the district court sentenced Mr. Curry to a term of imprisonment of 61 months followed by a three-year term of supervised release.

Mr. Curry first challenges his sentence as procedurally unreasonable, arguing that the district court plainly erred in calculating his advisory sentencing guideline range. Specifically, he argues that he should not have been assessed a criminal history point for an expired conviction—the unlawful marijuana possession

---

[1] The presentence investigation report notes that Mr. Curry was fined $25 but was not imprisoned for the conviction.

conviction in 2012—which increased his criminal history category from III to IV and his advisory sentencing guideline range from 46 to 57 months to 57 to 71 months.  The government concedes that Mr. Curry's advisory guideline range was miscalculated because of the addition of a criminal history point for the expired unlawful marijuana possession conviction.[2]

Because Mr. Curry failed to object to the calculation of his advisory sentencing guideline range before the district court, our review is for plain error.  *See United States v. Owens*, 96 F.4th 1316, 1320 (11th Cir. 2024).  Plain error occurs where there was (1) an error, (2) that was plain, and (3) that affected the defendant's substantial rights.  *See United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (en banc).  If all three conditions are met, we have the discretion to correct the forfeited error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.* We have previously held that a district court's failure to calculate the guideline range correctly "can constitute plain error because '[i]n the usual case . . . the selected Guidelines range will affect the sentence.'"  *United States v. Matchett*, 837 F.3d 1118, 1121 (11th Cir. 2016) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016)).

---

[2] "Traditionally, the district court applies the version of the Sentencing Guidelines in effect at the time of sentencing." *United States v. Bradley*, 644 F.3d 1213, 1284 n.123 (11th Cir. 2011).  Therefore, we interpret the 2023 version of the U.S. Sentencing Guidelines Manual, which was in effect at the time of Mr. Curry's sentencing.

In calculating a defendant's criminal history category, the Sentencing Guidelines require assessing points for certain prior sentences.  U.S.S.G. § 4A1.1 (U.S. Sent'g Comm'n 2023).  For prior offenses committed before the age of eighteen, one criminal history point is added for each sentence of less than 60 days that was imposed within five years of the commencement of the defendant's instant offense.  § 4A1.2(d)(2)(B).  *See also* at § 4A1.1(c).  If a defendant receives seven or more criminal history points from prior offenses and "committed the instant offense while under any criminal justice sentence," the defendant receives an additional criminal history point.  *See* § 4A1.1(e).

The district court plainly erred in calculating Mr. Curry's guideline range by adding a criminal history point for his expired unlawful marijuana possession conviction in 2012.  Although Mr. Curry was under the age of eighteen at the time and was only fined for the conviction, the fine was imposed more than five years from the commencement of the instant offense.  *See* § 4A1.2(d)(2)(B).  It was therefore plain error to add a criminal history point for the prior offense, which incorrectly resulted in seven or more prior criminal history points.  Because Mr. Curry should have only been assessed six criminal history points, his criminal history category should have been III instead of IV.  *See* U.S.S.G. Ch. 5, Pt. A.  The resulting advisory guideline range for a criminal history category of III and an offense level of 21 would be 46 to 57 months' incarceration.  *See id.*

We therefore vacate Mr. Curry's sentence and remand for re-sentencing.

### III

Mr. Curry next challenges his conviction under 18 U.S.C. § 922(g)(1).  He argues that § 922(g)(1) is unconstitutional under the Second Amendment, both facially and as applied to him, in light of the Supreme Court's decisions in *Bruen* and *Rahimi*.  He further argues that our decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), failed to apply the correct analytical framework under the Second Amendment in concluding that § 922(g)(1) is constitutional.  Mr. Curry's arguments fail because they are foreclosed by this Circuit's recent precedent.  *See United States v. Dubois*, 139 F.4th 887, 892–94 (11th Cir. 2025) (concluding that neither *Rahimi* nor *Bruen* abrogated this court's holding in *Rozier* that § 922(g)(1) is constitutional under the Second Amendment).

Given our binding decisions in *Dubois* and *Rozier*, we affirm Mr. Curry's conviction under § 922(g)(1).

### IV

We affirm Mr. Curry's conviction under 18 U.S.C. § 922(g)(1).  We vacate Mr. Curry's sentence and remand for re-sentencing consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**