**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13444

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MAGGIE ELIZABETH MOORE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:25-cr-00218-LCB-GMB-1

_____

Before ABUDU, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Maggie Moore pleaded guilty to bank theft and received a 24-month sentence—twice as high as the top of the range that the U.S. Sentencing Guidelines (and the parties) recommended. Our

caselaw recognizes that the Guidelines' recommendation is advisory, and a district court enjoys wide discretion in selecting the appropriate sentence for a criminal defendant. But it still must justify an upward variance from the guideline range. The district court did not provide a justification in this case, so we vacate Moore's sentence and remand the case to the district court for resentencing.

## I. BACKGROUND

Moore was previously employed as an assistant manager at the First Financial Bank branch in Pelham, Alabama. Between September 2023 and March 2024, she withdrew a total of $53,000 from the bank's vault and placed it into her personal account at a different institution. After this theft was discovered, Moore waived indictment and pleaded guilty to a single-count information charging her with bank larceny, in violation of 18 U.S.C. § 2113(b).

Moore's Presentence Investigation Report ("PSI") applied the November 2024 edition of the U.S. Sentencing Guidelines Manual. The PSI calculated a base offense level of 6 pursuant to § 2B1.1(a)(2), but applied a 6-level adjustment under § 2B1.1(b)(1)(D) because the total loss amount was between $40,000 and $95,000, and a 2-level enhancement under § 3B1.3 because Moore abused a position of trust in committing the offense. The PSI further applied a 2-level reduction because Moore was a zero-point offender under § 4C1.1(a), and a 2-level reduction for acceptance of responsibility under § 3E1.1(a). Moore's total offense level was 10. The PSI placed Moore in criminal history category I because she did not have any previous convictions. Based on a total

offense level of 10 and a criminal history category of I, the PSI provided an advisory guideline range of 6 to 12 months of imprisonment.

The PSI further specified that any sentence imposed could be satisfied by probation with a condition of home confinement and reported that similarly situated defendants, on average, received a six-month imprisonment sentence, if sentenced to prison time at all. The PSI did not identify any factors that would warrant a variance from Moore's guideline range but stated that the district court "shall consider the [18 U.S.C. § 3553(a)] factors . . . in determining an appropriate sentence." Neither party objected to the PSI, and Moore moved for a downward variance, asking the court to allow her to serve a sentence of probation with a period of home confinement.

At sentencing, the district court adopted the PSI and noted its consideration of that document as well as Moore's sentencing memorandum, a victim impact statement, and "all the other things in the file." After hearing the parties' joint recommendation for home confinement and confirming that Moore had not previously served any "appreciable" jail time, the district court sentenced Moore to 24 months of imprisonment and ordered her to pay $53,000 in restitution. It explained its sentence as follows:

> Having considered the guideline computations and having taken them under advisement, the [c]ourt finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing. Furthermore, the sentence is

reasonable when considering the sentencing factors found at 18 U.S.C. [§] 3553(a); specifically, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

Moore objected to the sentence and requested that the court state, "for the record, why [it] varied upward and so highly upward." The court responded that it had "stated the factors on the record," and it believed that it "ha[d] stated all [it] need[ed] to . . . under the law." In total, the sentencing hearing lasted only thirteen minutes.

The district court subsequently filed its written Statement of Reasons. On the form, it checked the box corresponding to the "nature and circumstances of the offense" as a reason for imposing a sentence outside the guideline range, without noting any further reason for its variance. This appeal followed.

## II. STANDARD OF REVIEW

When reviewing the reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "That familiar standard allows for a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation modified).

### III. DISCUSSION

In assessing the reasonableness of a sentence, we "must first ensure that the district court committed no significant procedural error," such as "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51; *see* 18 U.S.C. § 3553(c). On appeal, Moore contends that the district court failed to do exactly that, thus committing significant procedural error in imposing her 24-month sentence. We agree.

Section 3553(a)'s "overarching" instruction to courts is that any sentence must be sufficient, but not greater than necessary, to comply with the purposes of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see* 18 U.S.C. § 3553(a). "The district court's obligation under § 3553(c) is to adequately explain the chosen sentence to allow for meaningful appellate review." *United States v. Steiger*, 99 F.4th 1316, 1321 (11th Cir. 2024) (en banc) (citation modified). When a court imposes a sentence outside the guideline range, it must state the specific reasons for doing so as well as specify those same reasons in a written statement of reasons. 18 U.S.C. § 3553(c)(2); *see Steiger*, 99 F.4th at 1321–22. Although a district court need not discuss every § 3553(a) factor at sentencing, it must say enough to show that it considered the parties' arguments and had a reasoned basis for the sentence imposed. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). A court also "must consider the extent of [any] deviation" from the guideline range "and ensure that the justification is sufficiently compelling to sup-

port the degree of the variance." *Gall*, 551 U.S. at 50. "The adequacy of an explanation necessarily depends upon the circumstances of the particular case." *Steiger*, 99 F.4th at 1321 (citation modified).

In this case, the district court did not meaningfully explain how it considered the particularized facts of Moore's case to reach the sentence that it imposed. *See Gall*, 551 U.S. at 50 (explaining that a district judge "must make an individualized assessment based on the facts presented"). Notably, the district court did not identify *any* facts that distinguished Moore's case from those generally covered by the applicable guidelines. *See United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008) (finding the district court's explanation insufficient where it listed the § 3553(a) factors but gave no reasoning or indication of what facts justified a significant variance).

The absence of an explanation to justify the upward variance is especially problematic in this case because both parties requested home confinement and provided specific reasons for the recommendation. For example, Moore argued that home confinement would allow her to maintain her employment, continue her mental health treatment, and begin paying restitution. The government further noted that Moore had agreed to pay restitution, accepted responsibility for her actions, and cooperated with authorities throughout the case.

But the court did not address the parties' arguments. Instead, it imposed a 24-month sentence of imprisonment with only a brief reference to its consideration of the record and a passing

citation to only some of the § 3553(a) factors. Even after Moore objected, the district court reiterated its mistaken belief that it had done all that was needed "under the law." But we have held that merely reciting the § 3553(a) factors does not sufficiently explain how they apply to the facts of a case or why they warrant an upward variance. *See id.* And the written statement of reasons does not cure the district court's error because it designated only the "nature and circumstances of the offense" as the reason for its sentence.

We conclude that the district court abused its discretion in imposing Moore's 24-month sentence. *See Gall*, 552 U.S. at 51; *Irey*, 612 F.3d at 1189. Because we conclude that the district court committed a reversible procedural error, we need not address the substantive reasonableness of Moore's sentence. *See Kuhlman*, 711 F.3d at 1326–27.

## IV. CONCLUSION

We **VACATE** Moore's sentence and **REMAND** for resentencing.