[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13198

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRAN JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:22-cr-00133-WTM-CLR-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Terran Jones appeals his sentence of 42 months' imprisonment for possession with intent to distribute a controlled substance, arguing that the district court imposed a procedurally and substantively unreasonable sentence by providing an inadequate explanation of its upward variance, misstating the record, relying on an "impermissible factor" of its personal opinion in criticizing the government's plea agreement, and placing greater weight on certain factors over his mitigation arguments and the government's recommendation for a lower sentence.

## I.

In reviewing the reasonableness of a district court's sentence, we utilize a two-step process. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first examine whether the court committed any significant procedural error, including miscalculating "the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then determine "whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a)." *United States v. Boone*, 97 F.4th 1331, 1338 (11th Cir. 2024). "At both steps of the process, the party

challenging the sentence bears the burden of showing it is unreasonable." *Id.* at 1338-39.

When a defendant fails to object to an alleged sentencing error before the district court, we review for plain error. *United States v. Grady*, 18 F.4th 1275, 1293 (11th Cir. 2021). To establish plain error, a defendant must demonstrate: "(1) that the district court erred; (2) that the error was plain; and (3) that the error affect[ed] his] substantial rights." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (quotation marks omitted, alteration in original). "If all three conditions are met, [we then decide whether] the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)) (alterations in original). "A defendant's substantial rights are affected if the error affected the outcome of the district court proceedings." *United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022) (quotation marks omitted). "An error is obvious when it flies in the face of either binding precedent or the explicit language of a statute or rule." *United States v. Bankston*, 945 F.3d 1316, 1318 (11th Cir. 2019) (quotation marks omitted).

A district court must consider the factors set out in 18 U.S.C. § 3553(a) to impose a sentence sufficient, but not greater than necessary, to accomplish the purposes set out in § 3553(a)(2), which include the need for the sentence: (1) to reflect the seriousness of the offense; (2) to afford adequate deterrence; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with correctional treatment in the most effective

manner.  18 U.S.C. § 3553(a)(2).  The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. *Id*. § 3553(a)(1)-(7).  In addition, a district court is required to state its reasons for imposing a sentence at the time of sentencing, including an explanation for varying from an applicable guideline range. *Id*. § 3553(c)(2).

"[T]he district court is not required to incant specific language or articulate its consideration of each individual § 3553(a) factor, so long as the whole record reflects the district court's consideration of the § 3553(a) factors." *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).  "When pronouncing its chosen sentence, the district court need only set forth enough to [demonstrate] that it considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority." *Id*.  "An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Moreover, even if a district court does not "discuss the defendant['s] individual circumstances," it is sufficient that the district court states that it "considered the parties' arguments and the [presentence

investigation report ('PSI')], both of which contain[ ] discussions of the defendant['s] individual circumstances." *Cabezas-Montano*, 949 F.3d at 609. In imposing an upward variance, the district court must demonstrate "a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). In addition, a "major" variance requires more justification than a "minor one." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*).

We "lack jurisdiction to review the decision of the district court not to apply a downward departure," "so long as the district court did not incorrectly believe that it lacked the authority to apply a departure." *United States v. Winingear*, 422 F.3d 1241, 1245-46 (11th Cir. 2005); *United States v. McVay*, 447 F.3d 1348, 1353 (11th Cir. 2006) (holding that, while a district court's refusal to grant a downward departure is unreviewable, we may "review the government's challenge to the *extent* of a departure under § 5K1.11 for an abuse of discretion") (emphasis in original)).

In *United States v. Livesay*, the district court imposed a downward variance from the Guidelines range of 78 to 97 months' imprisonment to a term of 60 months' probation. *United States v. Livesay*, 525 F.3d 1081, 1093-94 (11th Cir. 2008). Although the district court "list[ed] certain § 3553(a) factors," we observed that it failed to provide any "reasoning or indication of what facts justified such a significant variance from the advisory Guidelines range." *Id*. at 1093. In particular, we determined that the district court:

(1) failed to explain how a sentence of 60 months' probation reflected the seriousness of the offense or the nature and circumstances of the crime; (2) did not state why it rejected the government's recommendation to give Livesay "some sentence of significance," even in light of Livesay's timely assistance; and (3) "provided nothing more than a conclusory statement that [the] variance . . . satisfied Congress's important concerns of deterrence." *Id.* at 1093-94. Furthermore, we noted that the district court reimposed the same sentence that we previously vacated and remanded. *Id.* at 1084 n.1.

In *United States v. Parks*, the district court imposed an upward variance from the Guidelines range of 21 to 27 months to the statutory maximum imprisonment sentence of 60 months. *United States v. Parks*, 823 F.3d 990, 992 (11th Cir. 2016), *overruled by United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024). In vacating and remanding, we recognized that—aside from giving Parks credit for time served and acknowledging the applicable guideline range—"[t]he record reflects that the district court did not provide *any* reason for Parks's sentence." 823 F.3d at 997 (emphasis in original). Notably, the *Parks* decision relied on a "per se rule of reversal for § 3553(c)(2) errors," which we overturned in an opinion published after the government's response brief was filed in this matter. *Id.*; *Steiger*, 99 F.4th at 1324 (holding that an unobjected-to § 3553(c) error is subject to plain error review).

Because Jones failed to object to the procedural reasonableness of the district court's sentence or to the adequacy of the district court's explanation for its sentence, we review for plain error.

Here, the court acknowledged its consideration of: (1) the government's motion for downward departure; (2) the PSI and its addendum; (3) both parties' arguments; (4) the plea agreement; (5) the plea hearing transcript; (6) Jones's sentencing memorandum and its attachments; (7) the correct guideline range for Count 2; and (8) the anticipated 2023 Guidelines Manual. The court also explained that it considered the factors set forth in § 3553(a), including "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence from criminal conduct, and to protect the public from further crimes of [Jones]." In addition, the court noted Jones's individual circumstances, including that he: (1) was serving in the United States Army during his criminal conduct; (2) "purchased approximately 31 firearms," of which agents only recovered 3; (3) "continued to use the prohibited substances" while on pretrial release; and (4) had his bond revoked pending the sentencing proceeding. The court further explained that, "while the guidelines account[ed] for a two-level adjustment for a dangerous weapon being possessed, they fail to account for the number of firearms involved in this case." Thus, the court's consideration of the relevant facts, discussion of Jones's individual characteristics, and review of the § 3553(a) factors were more than sufficient to demonstrate procedural reasonableness under this Court's

precedent. *See Gonzalez*, 550 F.3d at 1324; *Cabezas-Montano*, 949 F.3d at 609.

We also reject Jones's arguments that the district court's misstatements of the record resulted in procedural error. First, with respect to the court's misstatement that Count 2 was a "misdemeanor," Jones fails to show how this misstatement changed the outcome, especially in light of the court's correct calculation of the guideline range. *Malone*, 51 F.4th 1311, 1319. Second, the district court also correctly stated that there were no objections in the PSI Addendum and allowed Jones to reargue his argument from his sentencing memorandum. Third, with respect to the district court's failure to recollect the suppression issue regarding the firearms, the court's focus at sentencing was the factual basis of the plea, which omitted this information. In any event, despite its criticism of the plea agreement, the district court still accepted the agreement and dismissed Counts 1 and 3.

To the extent that Jones argues the district court did not give proper weight to the government's evaluation in support of its § 5K1.1 motion, this claim is undermined by the record and this Court's precedent. After rehearing both parties' arguments in support of the § 5K1.1 motion, the court provided its reasons for imposing an upward variance. Moreover, this Court lacks jurisdiction to review the district court's refusal to grant a downward departure and Jones does not appear to argue that the district believed it lacked the authority to apply a departure. *Winingear*, 422 F.3d at 1245 46; *McVay*, 447 F.3d at 1353. Jones also fails to present any

binding precedent that would allow this Court to conclude otherwise. *Bankston*, 945 F.3d at 1318. Therefore, the district court did not plainly err with respect to Jones's assertions of procedural error.

## II.

We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard, even when the sentence is above the guidelines range. *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023). A defendant must show that "the sentence imposed by the district court lies outside the range of reasonable sentences dictated by the facts of the case and the relevant sentencing factors," not merely that a "lesser sentence would, in his opinion, be more appropriate." *Boone*, 97 F.4th at 1342-43 (quotation marks omitted).

"A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Indeed, "it is only the rare sentence that will be substantively unreasonable." *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015)).

We may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case." *Boone*, 97

F.4th at 1339.  A sentencing error may occur if the district court: (1) fails to consider relevant factors, (2) gives significant weight to an improper or irrelevant factor, or (3) weighs the factors unreasonably.  *Id.* at 1342.

The decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254.  This discretion includes giving greater weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259.  Moreover, "[we have] held that it is within the district court's discretion to find that a factor the defendant argues to be mitigating is instead aggravating." *Boone*, 97 F.4th at 1343.  "A district court's failure to specifically mention certain mitigating factors do[es] not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable," because the district court need not explicitly address all of the mitigating evidence or § 3553(a) factors. *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (quotation marks omitted, alteration in original).

We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.  Further, "[t]he district court, in imposing a variance, may consider conduct that a probation officer already had considered in calculating the defendant's advisory guidelines range." *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015) (quotation marks omitted).  Finally, an upward variance "well below the statutory maximum" is an indicator that a sentence is

reasonable. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quoting *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014)).

Here, the district court's sentence is not substantively unreasonable. Throughout the hearing, the court acknowledged its consideration of: (1) the factors set forth in § 3553(a); (2) the government's motion for downward departure; (3) the PSI and its addendum; (4) both parties' arguments; (5) the plea agreement; (6) the plea hearing transcript; (7) Jones's sentencing memorandum and its attachments; and (8) the correct guideline range for Count 2. The court explained that it considered all of the § 3553(a) factors but weighed several against Jones. While the court did not expressly discuss the other § 3553(a) factors, his brother's prognosis, or how the sentencing memorandum calculated into its sentence, it was not required to—especially in light of its acknowledgment of Jones's other individual characteristics. *Al Jaberi*, 97 F.4th at 1330. In particular, the court noted that Jones: (1) "purchased approximately 31 firearms," of which the ATF agents only recovered 3; (2) "continued to use the prohibited substances" while on pretrial release; and (3) had his bond revoked shortly before the sentencing hearing. The court also acknowledged that Jones was in the Army but found that Jones's criminal conduct while serving in the Army—including using marijuana and trafficking approximately 31

firearms—was an aggravating circumstance. *Boone*, 97 F.4th at 1343. Moreover, despite Jones's contention, the court did not "effectively ignore[]" his risk in cooperating with the government. The court specifically addressed Jones's cooperation argument but found it unpersuasive in light of his criminal conduct.

Jones also contends that the district court relied on an "impermissible factor"—namely, "[its] own personal opinions regarding the plea agreement." However, when viewing the court's statement in context, its criticism concerned the government's failure to inform the court of the other circumstances of Jones's offense—namely, the firearm purchases and possession—and its belief that the plea agreement's recommendation did not align with the seriousness of the offense, which are both permissible § 3553(a) factors. § 3553(a)(1) (2). Finally, Jones's sentence, while an upward variance from a 0-to-6-month range to 42 months, was still 18 months below the statutory maximum, which is an indicator of reasonableness. *Riley*, 995 F.3d at 1278. Thus, the district court did not abuse its discretion in imposing an upward variance, and the district court did not impose an unreasonable sentence. Accordingly, we affirm.

**AFFIRMED.**