**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10369

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GITO ST FORT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cr-80063-AMC-1

_____

Before JORDAN, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Gito St. Fort appeals his sentence of 320 months' imprisonment for distribution of fentanyl that resulted in a death. On appeal, St. Fort argues that: (1) his sentence was procedurally

unreasonable because the district court plainly erred by failing to adequately explain its reasoning for imposing a sentence above the mandatory minimum; and (2) his sentence was substantively unreasonable because the district court did not appropriately weigh the mitigating evidence in denying St. Fort's motion for a downward variance. After thorough review, we affirm.

When a party fails to object to an error regarding the district court's statement of reasons for imposing a sentence, we will review for plain error. *United States v. Steiger*, 99 F.4th 1316, 1322 (2024) (en banc). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. An error is plain if "the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue." *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (citation modified).

In reviewing sentences for reasonableness, we perform two steps. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1]  A sentencing court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).  The district court is not required to state on the record that it has explicitly considered each of the 18 U.S.C. § 3553(a) factors if the record reflects the district court's consideration of the § 3553(a) factors. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).  So, an acknowledgment by the district court that it considered the § 3553(a) factors is sufficient.  *Turner*, 474 F.3d at 1281.  Further, a failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

"[T]he adequacy of a district court's findings and sentence explanation is a classic procedural issue, not a substantive one." *United States v. Irey*, 612 F.3d 1160, 1194 (11th Cir. 2010) (en banc).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

"The primary reason Section 3553(c) requires an oral and written statement is so that a defendant can meaningfully appeal the sentence." *Steiger*, 99 F.4th at 1325. A defendant's substantial rights are not affected by a § 3553(c) error if the record is clear enough to allow meaningful appellate review of the sentence. *Id.*

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" *Pugh*, 515 F.3d at 1190. A court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. *Irey*, 612 F.3d at 1189. Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

We have "underscored" that we must give "'due deference'" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Along with the § 3553(a) factors, the district court should consider the particularized facts of the case and the guideline range. *Id.* at 1259–60. However, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of

factors than to the guideline range. *Id.* at 1259. The district court also has considerable discretion to decide whether the § 3553(a) factors justify a variance. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). We've said that we will only reverse a procedurally proper sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (citation modified).

An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). A sentence within the guideline range is expected, but not presumed to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging a sentence for substantive unreasonableness bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, St. Fort did not object in district court to the adequacy of the court's explanation of its sentence, so we review his claim of procedural unreasonableness for plain error, and we can find none. For starters, the record reflects that the district court expressly said that it considered the parties' statements, the PSI, which included the guideline calculations, and the § 3553(a) factors. As for the mitigating factors -- which the court was not required to discuss

individually -- the court nevertheless addressed them.  This included the death of St. Fort's sister -- when the court clarified that St. Fort's drug-trafficking convictions began before her death in response to St. Fort's claim that his drug addiction severely worsened after her death -- and St. Fort's familial foundation -- when the court noted that he began selling drugs despite family support and his achievements.  The court also recognized St. Fort's substance abuse, and distinguished it from drug trafficking.  In addition, the court explained how the nature and circumstances of the offense and St. Fort's criminal history affected its sentencing determining, outlining his past convictions and finding the conduct here to be an escalation of prior criminal activity.  Multiple times, the court repeated that the conduct in this case was serious and led to a death.

By addressing each of the mitigating factors relevant to the case, St. Fort's criminal history, and the nature and circumstances of the offense, the district court went beyond merely acknowledging that it considered the § 3553(a) factors and the parties' arguments.  Further, to the extent St. Fort argues that the district court must explain why a defendant's proposed sentence, or the mandatory minimum sentence, is inadequate, he has not pointed to any on point binding precedent.  St. Fort also failed to identify binding authority holding that the court must explain why a defendant's mitigating factors do not warrant a lesser sentence.  Thus, St. Fort has failed to show that the court erred, much less plainly erred, by failing to sufficiently explain his sentence to allow for meaningful review, and we affirm as to procedural reasonableness.

St. Fort also has not shown that his sentence is substantively unreasonable. As the record reveals, the district court weighed the factors of St. Fort's criminal history, personal history, substance abuse, and conduct in this offense, and did not abuse its discretion in weighing the factors nor in concluding that a downward variance was not warranted. Among other things, the district court discussed: (1) St. Fort's criminal history, noting that St. Fort was first convicted for the serious crime of sale of heroin, just a few years after his success in basketball and despite his family foundation, and noting that overall, St. Fort's additional convictions and criminal history were very significant; (2) specific and general deterrence, finding it to be necessary considering St. Fort's criminal history; (3) the nature of this offense, in which St. Fort sold narcotics to an individual who overdosed from the drugs, deeming it very serious and considering it to be an escalation of St. Fort's criminal activity and part of repeated illegal drug activity; (4) mitigating factors presented by St. Fort at the sentencing hearing, as we've discussed; (5) St. Fort's acceptance of responsibility; (6) St. Fort's own substance abuse, which the court distinguished from his spreading of drug addiction to the community, which led to a death in this case; and (7) the timing of St. Fort's past convictions for drug trafficking, some of which occurred before the death of his youngest sister. The district court ultimately found that weighing all of the factors presented a disturbing picture of drug-trafficking in a serious and repeated way, involving a diverse amount of deadly drugs.

On this record, the district court exercised its discretion in weighing the relevant factors and in denying a downward variance.

St. Fort has not met his burden of establishing that the district court made a clear error of judgment in considering the § 3553(a) factors and the facts of this case.  Further, St. Fort's 320-month sentence fell well below the statutory maximum of life imprisonment and was within the guideline range, both of which indicate that the district court imposed a reasonable sentence. Accordingly, St. Fort has not shown that the district court's 320-month sentence was substantively unreasonable, and we affirm.

**AFFIRMED**.