**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12460

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDWIN RIVERA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00192-GAP-LHP-1

————————————

Before NEWSOM, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Edwin Rivera appeals his sentence of 48 months' imprisonment for theft of government property, which was an up-

ward variance from the guideline range of 37 to 46 months' imprisonment. Rivera argues that his sentence is unreasonable because the district court impermissibly considered his demeanor and a policy disagreement with the Sentencing Guidelines during its analysis of the 18 U.S.C. § 3553(a) factors during sentencing. He also argues that the district court failed to adequately explain his sentence. Having reviewed the record and read the parties' briefs, we affirm Rivera's sentence.

## I.

When reviewing a sentence's reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard regardless of whether the sentence is inside or outside of the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the factors listed in § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## II.

To review a sentence's reasonableness, we first consider whether the district court committed a procedural error. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. "[S]ignificant procedural error[s]" include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly er-

roneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*, 128 S. Ct. at 597.

When reviewing for procedural reasonableness, we ordinarily consider legal issues de novo and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). However, if a party does not raise an argument of procedural reasonableness before the district court, we review only for plain error. *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc) (holding that "an unobjected-to Section 3553(c) error warrants review for plain error only"). Under the plain error standard, the defendant must show: (1) an error occurred; (2) the error was plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

Although the district court is required to consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient. *Turner*, 474 F.3d at 1281. A major variance should be supported by a more significant justification than a minor variance. *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. Although no "rigid mathematical formula" ap-

plies, the justification for a variance must be "sufficiently compelling to support the degree of the variance." *Id.* at 47, 50, 128 S. Ct. at 595, 597.

Next, if there is no procedural error, we consider whether the sentence is substantively reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)). We should vacate on substantive reasonableness grounds only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences as dictated by the facts of the case. *Id.* at 1190 (quotation marks omitted).

The proper factors for the sentencing court to consider are set out in § 3553(a), and though the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the court," and the district court may attach greater weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Along with the § 3553(a) factors, the district court should consider the particularized facts of the case and the guideline range. *Rosales-Bruno*,

789 F.3d at 1259-60.  However, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range.  *Id.* at 1259.

We have held that a district court does not abuse its discretion in considering, and assigning great weight to, a defendant's lack of remorse at sentencing.  *United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010).  "A district court is permitted to consider lack of remorse in its § 3553(a) analysis as to several factors, such as the characteristics of a defendant, the need to promote respect for the law, and the need to protect society."  *Id.*  Furthermore, the court may impose an upward variance based on a defendant's demonstrated lack of remorse during the sentencing proceeding.  *United States v. Kapordelis*, 569 F.3d 1291, 1318 (11th Cir. 2009) (affirming sentence where district court found "that an upward variance was necessary to protect society because it was unlikely that [the defendant] would be rehabilitated given his attitude and lack of remorse" after defendant used allocution to attack the Assistant United States Attorneys).

The district court also has discretion to impose an upward variance based on the § 3553(a) factors and is not bound by the guideline range or the government's recommended sentence.  *See, e.g.*, *United States v. Early*, 686 F.3d 1219, 1221-23 (11th Cir. 2012) (affirming a 210-month sentence, a significant upward variance from the government's guideline-based recommendation of 78 months).  We do not presume that a sentence outside of the guideline range is unreasonable and give deference to the district court's

decision that the § 3553(a) factors support its chosen sentence. *Irey*, 612 F.3d at 1187. "That an upward variance sentence is well below the statutory maximum indicates that it is reasonable." *United States v. Riley*, 995 F.3d 1272, 1274, 1278 (11th Cir. 2021) (quotation marks omitted) (examining the reasonableness of a 70-month sentence when the guideline range was 12 to 18 months' imprisonment and the statutory maximum sentence was 10 years).

### III.

Rivera contends that the district court's upward variance was substantively unreasonable because it rested on subjective impressions and personal policy disagreements rather than a grounded application of the §3553(a) factors. Rivera argues that the district court failed to articulate why the advisory guideline range did not adequately reflect deterrence, public protection, and any other purpose to provide justification for varying upward. The government responds that Rivera has not met his burden to show that the district court erred by imposing an upward variance.

The record demonstrates that the district court's sentence was procedurally reasonable because the court considered the 18 U.S.C. § 3553(a) factors in varying upward and adequately explained the sentence. The district court explained that its decision was based on the critical factors of seriousness of the offense, noting the nearly $10 million in intended loss amount from Rivera's crime, and the history and characteristics of the defendant. The district court also explained that the above-guidelines sentence was warranted because Rivera had testified previously at his guilty plea

hearing to the truthfulness of the factual basis supporting his plea agreement but then disavowed his previous statements and showed no remorse at the sentencing hearing.

Likewise, the sentence is substantively reasonable because the district court properly considered Rivera's lack of remorse in its § 3553(a) analysis and did not impermissibly consider a policy disagreement with the Guidelines. A district court may consider a defendant's behavior and actions at sentencing in evaluating their lack of remorse. *See Kapordelis*, 509 F.3d at 1318. At sentencing, Rivera renounced his previous statements and objected to most of the facts in the PSR, and he denied responsibility and deflected blame. When the government moved to remove the three-level reduction for acceptance of responsibility, Rivera's attorney acknowledged that there was no good faith argument that the reduction for acceptance of responsibility was still valid. Although the district court declined to adjust Rivera's offense level based on his revocation of acceptance of responsibility, which would have increased his guideline range, the district court properly factored his lack of remorse into its consideration of the §3553(a) factors and the need for specific deterrence. *See McNair*, 605 F.3d at 1231.

Moreover, the district court did not base its sentence on a policy disagreement with the Sentencing Commission, as Rivera argues, rather than an individualized assessment. The district court commented on the lenient sentences for white collar crimes but did not specifically mention that as a reason for the upward variance. We also note that the sentence is well below the statutory

maximum of ten years' imprisonment, further indicating its reasonableness. *Riley*, 995 F.3d at 1278. Accordingly, based on the aforementioned reasons, we affirm Rivera's sentence.

**AFFIRMED.**