**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 26-10128

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EMILY SAHARA LAU,
a.k.a. Engel Stip Lau,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20326-DSL-1

————————————————

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Emily Sahara Lau appeals her sentence imposed upon the revocation of her supervised release.  Lau was originally convicted

of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1). After Lau was released from incarceration, she violated the terms of her supervised release in several ways, including by possessing sexually explicit materials, some of which depicted bestiality. On appeal Lau does not contest that she violated the conditions of her supervised release. Instead, she makes several different challenges to a special condition of supervised release that the district court imposed, which prohibits her from having contact with animals inside of her home or place of residence. After careful review, we affirm.[1]

Procedurally, Lau argues that the district court's explanation of the special condition was insufficient. *See* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."). However, Lau did not object to the sufficiency of the district court's explanation below, so we review her challenge on this issue only for plain error. *See United States v. Steiger*, 99 F.4th 1316, 1324 (11th Cir. 2024) (*en banc*). To establish plain error, Lau must show, among other things, that her "right to meaningful appellate review of [her] sentence" was impacted by the district court's error—assuming there was an error—in failing to explain its ruling. *Id.* at 1325; *see also United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015) (explaining that a district court "need only 'set forth enough to sat-

---

[1] We write only for the parties, who are familiar with the underlying facts, so we omit a lengthy recitation.

isfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority'" (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007))).  Here, there was no plain error because we can undertake "meaningful appellate review" of the condition Lau challenges on appeal; the reason for the district court's imposition of the condition is apparent on the face of the record and was the subject of large portions of the proceedings below.  *See Steiger*, 99 F.4th at 1326 (finding no plain error in explanation where "[a] reasonable person familiar with the sentencing record would understand" the basis for the district court's ruling).

Substantively, Lau makes several arguments about how the special condition is improperly restrictive, unduly burdensome, and infringes on her right to own animals.  We review the imposition of a condition of supervised release for abuse of discretion. *United States v. Tome*, 611 F.3d 1371, 1376 n.2 (11th Cir. 2010).  "We will reverse only if we have a 'definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached.'"  *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (alteration accepted) (quoting *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003)).  Therefore, the court has "a range of choice" and we ask only whether its decision falls outside that range.  *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989).

A district court may impose a supervised release condition that is "reasonably related to the factors" in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(d), when the condition "involves no

greater deprivation of liberty than is reasonably necessary for the purposes" of 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D), and is "consistent with any pertinent policy statements issued by the Sentencing Commission . . . ."   18 U.S.C. § 3583(d)(1)–(3).   This framework means that, while "a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a [defendant's] ability to exercise constitutionally protected rights." *Tome*, 611 F.3d at 1376 (quoting *Taylor*, 338 F.3d at 1283).

After careful review of the entire record, we are not left with a "definite and firm conviction that the district court committed a clear error of judgment" in imposing the challenged condition. *Id.* at 1375 n.2 (quoting *Moran*, 573 F.3d at 1137); *see also Taylor*, 338 F.3d at 1283.  The record supports the district court's concerns about Lau's behavior and justifies its conclusion that the condition was related to Lau's offense conduct and her history and character-istics. *See Taylor*, 338 F.3d at 1285 (explaining that, even where a restriction imposes a burden on a defendant's "legitimate pur-poses," it can be upheld if it is "undeniably related to" the 18 U.S.C. § 3553(a) factors).  While Lau is correct that the Guidelines do not propose this specific condition, the Guidelines are not mandatory and, more importantly, there is no Policy Statement inconsistent with the condition the district court imposed.  *See* U.S.S.G. § 5D1.3(b)(3) (noting that Sentencing Commission's recommenda-tions are "non-exhaustive"); *id.* § 5D1.3(b)(3)(G) (proposing special conditions of supervised release appropriate for sex offenses);

26-10128                Opinion of the Court                    5

*United States v. Henry*, 1 F.4th 1315, 1318 (11th Cir. 2021) ("The Sentencing Guidelines, though they are the starting point for all federal sentencing decisions, are no longer mandatory in whole, or even in part."). Further, the district court reasonably concluded that the special condition does not involve a greater deprivation of liberty than necessary; Lau is still permitted to be around animals, just not in her home or place of residence. *Cf. Taylor*, 338 F.3d at 1286 (upholding a more restrictive condition that "conceivably . . . could extend to churches, libraries, fast food restaurants, movie theaters, and shopping malls" if there were minors in those locations).[2]

Finally, as the district court explained, the ultimate goal of supervised release is to get Lau to "a place where she can improve her condition" and "be a productive member of society." *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). The district court explained that it only wanted the condition to "be in place" until the point at which she has made progress and "can show that such a condition should be removed or modified." Accordingly, Lau is not foreclosed from seeking modification or termination of this condition in the future—the district court explicitly left that possibility open.

---

[2] While Lau notes that we have affirmed conditions of supervised release when they were accompanied by the ability to seek exceptions from a probation officer, *see, e.g., Taylor*, 338 F.3d at 1286, we have never held that this sort of exception is mandatory.

*See* 18 U.S.C. § 3583(e)(2) (explaining that a court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the [relevant] provisions of the Federal Rules of Criminal Procedure"); *see also United States v. Etienne*, 102 F.4th 1139, 1148–49 (11th Cir. 2024) (explaining that "if [the defendant] needs to" engage in conduct that may violate a term of supervised release "for a valid purpose, the district court c[an] modify the conditions of supervised release, if necessary" (citing 18 U.S.C. § 3583(e)(2))).  This further supports the district court's narrow exercise of discretion here.

The only question on appeal is whether the district court's decision to impose the condition was outside its "range of choice." *Kelly*, 888 F.2d at 745; *see also Moran*, 573 F.3d at 1137.  We cannot say, on this record, that it was.  *See Etienne*, 102 F.4th at 1149 ("Special conditions of supervised release are reviewed only for abuse of discretion, and we cannot say that the district court abused its wide discretion.").  For these reasons, we affirm the district court's judgment and Lau's sentence.

**AFFIRMED.**