**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————

No. 25-14208

Non-Argument Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WILLIE JAMES LOWE, JR.,

*Defendant- Appellant.*

———————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:13-cr-00005-TFM-MU-1

———————————

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Willie Lowe, Jr. appeals his 13-month sentence imposed following revocation of his supervised release. He argues that his sentence is (1) procedurally unreasonable because the district court

failed to adequately explain its reasons for the sentence as required by 18 U.S.C. § 3553(c) and (2) substantively unreasonable because the district court dismissed mitigating evidence and testimony offered at his revocation hearing. We address each argument in turn and conclude that Lowe's sentence is both procedurally and substantively reasonable. We thus affirm his sentence.

## I.

In reviewing the reasonableness of a district court's sentence, we utilize a two-step process. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). We first ensure that the district court did not commit any significant procedural error, such as failing to adequately explain the chosen sentence. *Id.* at 936. We then determine "whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3353(a)." *United States v. Boone*, 97 F.4th 1331, 1338 (11th Cir. 2024). "At both steps of the process, the party challenging the sentence bears the burden of showing it is unreasonable." *Id.* at 1338–39.

Failure to object to a district court's sentence explanation subjects a related challenge to plain error review. *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024) (en banc). To establish plain error, a defendant must show "that (1) the district court committed an error; (2) the error was plain; and (3) the error affected a substantial right." *Id.* at 1324 (alteration adopted, quotation marks omitted). If these three elements are met, we may correct the error if it "seriously affected the fairness, integrity, or public

reputation of judicial proceedings." *Id.* (alteration adopted, quotation marks omitted). A § 3553(c) error subject to plain-error review should be reversed "only when the district court's reasoning is unclear on the face of the record." *Id.* at 1325.

A sentencing court is required, at the time of sentencing, to state in open court the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c). A court need not write a full opinion to explain its reasons, but "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). A sentence imposed within the guideline range does not necessarily require a lengthy explanation. *Id.*

Credibility determinations are the province of the fact finder, and we accord considerable deference to the credibility findings of the district court. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). If the district court's account of the evidence is plausible in light of the entire record, we may not substitute our own interpretation of the evidence even if we would have weighed the evidence differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985).

Because Lowe failed to object to the district court's sentence explanation at the sentencing hearing, his procedural reasonableness argument is subject to plain error review. *Steiger*, 99 F.4th at 1322. Applying plain error review here, we cannot say that the dis-

trict court plainly erred, and thus, we conclude that Lowe's sentence is procedurally reasonable because the district court adequately explained its reasons for imposing a sentence of 13 months. The district court gave several reasons for imposing the sentence, including Lowe's failure to comply with his terms of supervised release, its disbelief in Lowe's testimony, and the need to hold Lowe accountable. Because the district court's sentence was within Lowe's guideline range, a lengthy explanation was not required, and the district court's explanation shows that it considered the parties' arguments and provided a sufficient basis for this Court's review. *Rita*, 551 U.S. at 356. As the district court's reasoning is clear on the face of the record, Lowe cannot establish plain error.

## II.

We review the substantive reasonableness of a district court's sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)). The relevant factors include the nature and circumstances of the offense, history of the defendant, the need to afford adequate deterrence and to protect the public, the need to give a defendant necessary training or treatment, the types of sentences

and sentencing ranges established for the offense, Sentencing Commission policy statements, the need to avoid any unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution.  18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(a)(7); 3583(e).  We do not apply a presumption of reasonableness to sentences within the guideline range but ordinarily expect such a sentence to be reasonable.  *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).  The court need not specifically discuss each § 3553(a) factor "so long as the record reflects the court's consideration of many of those factors."  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).

Here, we conclude that Lowe's sentence is not substantively unreasonable because the district court properly considered all relevant factors, did not give significant weight to irrelevant or improper factors, and committed no clear error of judgment its con-

sideration of such factors before imposing a within-guidelines sentence. [1]   Specifically, the district court explained that, while it believed the witnesses' testimony that they would support Lowe once he completed his term of imprisonment, it was also concerned about Lowe's failure to comply with the conditions of his supervised release.   The district court was also concerned about what it determined to be false testimony from Lowe himself—a finding that this Court defers to on appeal. *Ramirez-Chilel*, 289 F.3d at 749 ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").

### III.

For the reasons stated, we conclude that Lowe's 13-month sentence is both procedurally and substantively reasonable and affirm the sentence.

**AFFIRMED.**

---

[1] Lowe also contends that the district court improperly considered his sex offender status.  Because he raises that issue for the first time in his reply brief, we do not consider it. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).